IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Domingo Tellez**, | C/A 2:18-0313-BHH-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Primetals Technologies USA, LLC,** | |
| Defendant. | |

This action has been filed by the Plaintiff, a former employee of the Defendant, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq. Specifically, Plaintiff asserts claims for retaliatory discharge in violation of Title VII (First Cause of Action), discrimination in violation of Title VII (Second Cause of Action), and retaliatory discharge in violation of the FLSA (Third Cause of Action).

The Defendant filed a motion to dismiss Plaintiff's third cause of action pursuant to Rule 12, Fed.R.Civ.P., on August 6, 2018. Plaintiff filed a memorandum in opposition to the Defendant's motion on August 20, 2018, following which the Defendant filed a reply memorandum on August 27, 2018. Defendant's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



1

**Discussion**

The FLSA makes it unlawful "to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter". 29 U.S.C. § 215(a)(3). In his Third Cause of Action, Plaintiff alleges that the Defendant "willfully, wantonly, maliciously, and intentionally constructively terminated the Plaintiff's employment in retaliation on account of his engaging in activity protected under the FLSA". Amended Complaint, ¶ 33. However, Defendant argues in its motion that Plaintiff's Third Cause of Action for FLSA retaliation fails to state a claim. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) ["[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find defendants liable."].

Defendant argues that Plaintiff has failed to state facts sufficient to support an FLSA retaliation claim because his factual allegations fail to establish a prima facie claim of retaliation under that Act. To establish a prima facie claim, Plaintiff "must show that 1) he engaged in an

---

[1](...continued)
Rule 73.02(B)(2)(f), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

activity protected by the FLSA; 2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and 3) a causal connection exists between the employee's activity and the employer's adverse action". <u>Darveau v. Detecon, Inc.</u>, 515 F.3d 334, 340 (4th Cir. 2008); <u>see</u> also <u>Raspanti v. Four Amigos Travel, Inc.</u>, 266 F.Appx. 820, 822 (11th Cir. 2008). Defendant argues that Plaintiff has failed to "plausibly" allege that he engaged in any FLSA protected activity, and that he has also failed to "plausibly" allege any causal connection between any such activity and his alleged constructive discharge. However, after careful review and consideration of the allegations of the Amended Complaint in compliance with the relevant Rule 12 standard of review, the undersigned does not find that the Defendant is entitled to dismissal of this claim at this time.

Plaintiff alleges in his Amended Complaint that he began working at a plant now owned and operated by the Defendant in 1999, and worked his way up to where he became the plant superintendent in 2016. Plaintiff alleges that after enduring specified unlawful activity during his tenure with the Defendant, he was "finally constructively terminated . . . in retaliation for making complaints . . . regarding his eligibility for overtime compensation" in violation of the FLSA. <u>Amended Complaint</u>, ¶¶ 6-7. <u>See</u> <u>Jordan v. Helix Energy Solutions Group, Inc.</u>, No. 16-1808, 2018 WL 4932887 at * 4 (S.D.Tx. Oct. 11, 2018) [Discussing FLSA's requirement for overtime compensation, unless an individual is exempted]. In addition to alleging various acts of racial discrimination (Plaintiff claims Hispanic/Mexican heritage), Plaintiff alleges that he discovered he was not receiving overtime pay for hours he was working that other employees were receiving, including that he was specifically told that he was not allowed to clock into work until 7:00 a.m.



despite being on the premises and working as early as 6:30 a.m., and even though other employees were allowed to clock in remotely even when not at the plant. Plaintiff further alleges that this work time was consistently "rolled back" to avoid overtime payments. Id., ¶ 15. Plaintiff alleges that he then filed a complaint with the Defendant's Human Resources Department (HR) on or around April 28, 2017, in which he complained, inter alia, about the overtime discrepancies both for himself and for other Hispanic/Mexican descent employees. Plaintiff specifically alleges that he told the HR representative, Jeenetta Williams, about being required to clock in at 7:00 a.m. and clock out at 4:30 p.m., even though he regularly got to the office at 6:00 a.m. and would leave after 7:00 p.m., and that he made it "absolutely clear" in his complaint that he believed his rights under the FLSA were being violated by management at the plant. Id., ¶ 18.

Although the Defendant argues in its motion that these allegations are insufficiently specific to constitute protected activity or to create the necessary inference that the Defendant was given fair notice that a grievance had been lodged under the FSLA, the undersigned finds that these allegations are sufficient to establish for purposes of a motion to dismiss that Plaintiff engaged in activity protected by the FSLA. Jafari v. Old Dominion Transit Mgmt. Co., 462 F.Appx. 385, 389 (4th Cir. 2012) [Finding dismissal inappropriate where the plaintiff's allegations of protected activity consisted of the filing of an official complaint to company management]; Minor v. Bostwick Labs, Inc., 669 F.3d 428, 438 (4th Cir. 2012) [Holding that an intracompany complaint qualifies as protected activity under the FLSA where the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the Statute in a call for their protection"]; cf. Rodas v. Town of Farmington, 918



F.Supp.2d 183, 189 (W.D.N.Y. Jan. 16, 2013)["'Protected activity' includes opposing employment practices that are prohibited . . . or making a charge of discrimination, or participating in any investigation, proceeding, or hearing . . ."] [Title VII case]; see also Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).[2]

With respect to the second prong of the FLSA retaliation prima facie case, Defendant does not contest for purposes of its motion to dismiss that Plaintiff suffered an adverse employment action (Plaintiff claims that he was ultimately constructively discharged). See also Amended Complaint, ¶ 24. Instead, Defendant contends that Plaintiff has not sufficiently alleged a causal connection between his alleged constructive discharge and his alleged protected activity. However,

---

[2]Of course, if the Defendant is able to produce evidence sufficient to show that the Plaintiff did not have a "reasonable" belief that the Defendant was violating the FLSA with respect to how he was being paid vis-a-vis his co-workers, that may be a basis on which to find Plaintiff's conduct did not amount to "protected activity" under the statute. However, that would be a question for summary judgment based on the evidence. Cf. Langston v. Lookout Mountain Community Services, No. 16-239, 2017 WL 6612866, at * 15 (N.D.Ga. Oct. 11, 2017) [Granting summary judgment where evidence showed that Plaintiff did not have an "objectively reasonable" belief that the Defendant had violated the FLSA in way she was being compensated]; see also Jordan, 2018 WL 4932887, at * 5 [[T]he general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof"], quoting Corning Glass Works v. Brennan, 94 S. Ct. 2223, 2229 (1974). The only question before the Court at this time, however, is whether, accepting Plaintiff's allegations in his pleading as true and drawing all reasonable factual inferences in his favor, he has stated a plausible enough claim to survive the Defendant's Rule 12 motion to dismiss. Slade, 407 F.3d at 248; see also Vogt, 318 F.Supp.2d at 146 [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].



Plaintiff specifically alleges in his Amended Complaint that, after filing his complaint with HR on or around April 28, 2017, his manager (Carl Robak) both gained knowledge of Plaintiff having filed his complaint and told Plaintiff's coworkers about the complaint. Plaintiff alleges that Robak then threatened him by telling him he needed to return to an hourly pay basis or he would be fired, and that when Plaintiff was thereafter able to remain on salary, he was explicitly instructed not to charge the company for overtime even though he was required to work excessive shifts. Plaintiff further alleges the Defendant's HR team, rather than assisting him, instead issued him writeups based on past customer complaints and other "trumped up" charges, which resulted in Plaintiff being demoted from his superintendent role and replaced by a close friend of Robak. Plaintiff also alleges that he was even disciplined for continuing to complain about not receiving overtime by receiving a writeup on May 11, 2017 for his complaints regarding overtime issues. Amended Complaint, ¶ ¶ 19-21.[3]

Plaintiff further alleges that he received other types of hostile treatment after he filed his complaint with HR, including being cussed at by Robak, receiving poor work assignments, having his lunch "disappear" from the office refrigerator on several occasions, having someone urinate in his boots, having customers instructed not to talk to him, and being forced to work close

---

[3]It is noted that the Defendant argues in its motion to dismiss, in part, that Plaintiff has failed to show a "plausible" connection between his alleged protected activity and his alleged constructive discharge because Plaintiff himself acknowledged in response to a writeup in May 2017 that he was not entitled to overtime compensation. See Amended Complaint, Exhibit B (DE 22-2, at 15). However, the issue with respect to a retaliation claim is not whether whatever complaint the Plaintiff made turned out to be a valid complaint - the issue is whether Plaintiff made the complaint (thereby engaging in protected activity), and was thereafter subjected to an adverse employment activity as a result. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) [A retaliation claim may be established where the Plaintiff has "evidence from which a reasonable fact finder could conclude that a causal connection exists between the protected activity and the adverse action(s)]; see also, n. 2, supra.



6

to one hundred hours per week without receiving any overtime compensation. Id., ¶ 22. Plaintiff alleges that by October 2017, Robak was asking Plaintiff's coworkers to report any and all infractions Plaintiff may have committed, no matter how small, in an effort to create a pretext for terminating him, and even wrongfully suspended Plaintiff from work for three days for nothing more than a mild disagreement he had with another employee. Plaintiff alleges that he was further forced to work absurdly long hours with no overtime compensation (even though other employees routinely received overtime pay for working fewer hours than Plaintiff), such that by November 2017 he could no longer handle the stress and harassment and retaliation he was receiving and had "no other choice but to end his employment with the Defendant". Id., ¶ ¶ 23-24.

These allegations are sufficient to create at least an inference of a causal connection between Plaintiff having engaged in protected actively and the adverse actions to which he was subjected. Chavez v. City of Arvada, 88 F.3d 861, 866 (10th Cir. 1996) [Holding that a retaliatory motive may be inferred when an adverse action closely follows protected activity]; Pantoja v. American NTN Bearing Mfg. Corp., 495 F.3d 840, 850 (7th Cir. 2007) [Finding that timing was "suspicious enough to suffice to support [a] prima facie case."]; Blue v. International Broth. of Elec. Workers Local Union, 159, 676 F.3d 586 (7th Cir. 2012)[Suspicious "[t]iming supports an inference of retaliation."]; see also Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 525 (6th Cir. 2008)[Temporal proximity is sufficient to establish causal connection where an adverse employment action occurs very close in time to when an employer learns of a protected activity]; cf. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-256 (1981)[the burden of establishing a prima facie case is not onerous]; see also Vogt, 318 F.Supp.2d at 146 [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs



will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].

## Conclusion

Based on the foregoing, the undersigned finds that Plaintiff has set forth sufficient factual allegations to give rise to a "plausible" claim of FLSA retaliation.  <u>Ashcroft</u>, 129 S.Ct. at 1949; <u>see</u> <u>also</u> <u>Austen v. HCA Health Services of Virginia, Inc.</u>, No. 00-2359, 2001 WL 242203 at **1 (4th Cir. Mar. 12, 2001) [<u>Iqbal's</u> plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]]; <u>Gladden v. Solis</u>, No. 11-3120, 2012 WL 3009275 (3rd Cir. July 24, 2012) [To survive a motion to dismiss, Plaintiff need only set forth allegations that raise a "reasonable expectation" that discovery will reveal evidence of necessary elements of the <u>prima</u> <u>facie</u> case].  Therefore, it is recommended that the Defendant's motion to dismiss Plaintiff's Third Cause of Action for FLSA retaliation be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 16, 2018
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).